Jerel ("Jerry") L. Ellington
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
Environment & Natural Resources Division
1961 Stout Street – 8th Floor
Denver, CO 80294
Telephone: 303-844-1363

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PPL Montana, LLC, NorthWestern Corporation d/b/a NorthWestern Energy, Puget Sound Energy, Inc., Portland General Electric Company, Avista Corporation, and PacifiCorp,<br><br>　　　Defendants. | Civil No. CV-07-40-BLG-RFC-CSO |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Section 113 of the Clean Air Act (the "Act"), 42 U.S.C. § 7413, for civil penalties and injunctive relief against the operator and owners of Units 3 and 4 of the Colstrip Power Plant located near Colstrip, Montana for violations of a

Prevention of Significant Deterioration ("PSD") permit EPA issued to Montana Power Company in 1979.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

3.  Venue is proper in this district pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1395(a), because the violations at issue occurred in this judicial district and the defendants are located in or doing business in this district.

## NOTICE TO STATE

4.  Notice of the commencement of this action has been given to the State of Montana as required under Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## THE FACILITY AND CONDITION 7 OF THE PSD PERMIT

5.  The Colstrip Power Plant is a coal-fired power plant that has, among other electric generating plants, Units #3 and #4 which were constructed in the early 1980s.

6.  Pursuant to 40 C.F.R. § 52.21(i) and Part C of the Act, on or about September 11, 1979, EPA issued to Montana Power ("Montana Power") a Conditional Permit to Commence Construction and Operate the Montana Power Company Colstrip Units # 3 and #4 (the "PSD Permit"). The PSD permit included several conditions, one of which is known as "Condition 7." Condition 7 was adopted as a result of proceedings initiated by the Northern Cheyenne Tribe (the "Tribe") and conducted pursuant to Section 164(e) of the Act, 42 U.S.C. § 7474(e).

7.  Condition 7 of the PSD Permit directed Montana Power, at such time that EPA promulgates requirements for best available retrofit technology ("BART") to control emissions

of nitrogen oxides ("$NO_X$"), to: (a) conduct a review of Colstrip Units #3 and #4 for implementation of BART for $NO_X$ control; (b) submit such analysis and recommendation for BART control specific to Units #3 and #4 to EPA for review and approval, which BART determination shall be subject to formal hearing on the record after due notice to Montana Power and the Tribe; and (c) implement those control measures found to be BART.

## DEFENDANTS

6. PPL Montana, LLC ("PPL Montana") is a Delaware limited liability company, headquartered in Billings, Montana. PPL Montana is a wholly-owned subsidiary of PPL Montana Holdings, LLC and an indirect wholly-owned subsidiary of PPL Generation, LLC (a Delaware corporation) and PPL Corporation (a Pennsylvania corporation). PPL Montana is the current operator of the Colstrip Power Plant, including Units #3 and #4. PPL Montana also currently owns a percentage share of Unit #3.

7. NorthWestern Corporation ("NorthWestern") is a Delaware corporation that is an electric and natural gas operator and provider. NorthWestern Energy LLC, then a division of Northwestern, acquired the electric and natural gas transmission and distribution business and assets of the Montana Power Company, including a share of the Colstrip Power Plant, in 1999. NorthWestern Energy LLC assumed Montana Power Company's obligations under the PSD Permit, including Condition 7, with respect to Units #3 and #4. NorthWestern Energy LLC was dissolved in 2003. NorthWestern currently owns a percentage share of Unit #4.

8. Puget Sound Energy, Inc. ("Puget Sound"), is a Washington corporation, headquartered in Bellevue, Washington, that is a wholly-owned subsidiary of Puget Energy, Inc., also a Washington corporation, which is a regulated utility that distributes natural gas and electricity in Washington. Puget Sound currently owns a percentage share of Units #3 and #4.

9.      Portland General Electric Company ("Portland General") is an Oregon corporation, headquartered in Portland, Oregon, that is engaged in the generation, transmission and distribution of electricity to industrial, commercial and residential customers. Portland General currently owns a percentage share of Units #3 and #4.

10.     Avista Corporation ("Avista") is a Washington corporation, headquartered in Spokane, Washington. Avista is an energy, information and technology corporation that serves Idaho, Washington, and Oregon. Avista currently owns a percentage share of Units #3 and #4.

11.     PacifiCorp is an Oregon corporation, headquartered in Portland, Oregon. PacifiCorp operates as Pacific Power in Washington and California with headquarters in Portland, Oregon. PacifiCorp operates as Rocky Mountain Power in Wyoming and Idaho, with headquarters in Salt Lake City, Utah. PacifiCorp currently owns a percentage share of Units #3 and #4.

12.     PPL Montana, NorthWestern, Puget Sound, Portland General, Avista, and PacifiCorp (collectively "Defendants") are each a "person" as defined in Section 302(e) of the Act, 42 U.S.C. § 7602(e), and by applicable federal and Montana state regulations promulgated pursuant to the Act. Each of the Defendants is either an owner, or owner and operator, of Unit #3 or Unit #4.

## STATUTORY AND REGULATORY BACKGROUND

13.     The Act established a regulatory scheme designed to protect and enhance the quality of the Nation's air so as to promote the public health and welfare and the productive capacity of its population. Section 101(b)(1) of the Act, 42 U.S.C. § 7401(b)(1).

14.     Section 109 of the Act, 42 U.S.C. § 7409, requires the Administrator of EPA to

promulgate regulations establishing primary and secondary national ambient air quality standards ("NAAQS" or "ambient air quality standards") for certain criteria air pollutants. The primary NAAQS are to be adequate to protect the public health, and the secondary NAAQS are to be adequate to protect the public welfare, from any known or anticipated adverse effects associated with the presence of the air pollutant in the ambient air.

15.   The Act further seeks to reduce the impairment of visibility, which includes reductions in visual range and atmospheric discoloration. Section 169A(g)(6) of the Act, 42 U.S.C. §7491. Pursuant to Section 169A(b)(2)(A), 42 U.S.C. § 7491(b)(2)(A), certain major stationary sources that emit any pollutant that may reasonably be anticipated to or that causes an impairment of visibility are required to procure, install, and operate the best available retrofit technology (BART) for controlling emissions.

16.   EPA promulgated regulations for the protection of visibility, which included requirements for BART, on December 2, 1980, published at 45 Fed. Reg. 80089.

## CLAIM FOR RELIEF
## (PSD/BART VIOLATION)

17.   Paragraphs 1 through 16 are re-alleged and incorporated by reference as if fully set forth herein.

18.   Defendants have failed to comply with the requirements of Condition 7 of the PSD Permit for Units #3 and #4.

19.   Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Defendants are liable for permanent injunctive relief to secure compliance with the Act on account of the continued operation of Units #3 and #4 without complying with the requirements of Condition 7 of the PSD Permit. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Defendants are also

liable for civil penalties for each day of the continued operation of Units #3 and #4 without complying with the requirements of Condition 7 of the PSD Permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully prays that this Court enter judgment against Defendants:

A.   For each violation of the Act, and the regulations promulgated thereunder, a civil penalty pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), as amended by the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and The Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, up to $27,500 per day per violation for violations occurring on or after January 30, 1997 through March 15, 2004; and up to $32,500 per day for each violation that occurs after March 15, 2004;

B.   Permanently enjoining the Defendants from continuing to violate the Clean Air Act, and the regulations promulgated thereunder; and

C.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division
950 Pennsylvania Avenue, N.W.
Room 2143
Washington, D.C. 20530

*[signature]*

JEREL ("JERRY") L. ELLINGTON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street – 8th Floor
Denver, CO  80294
Telephone (303) 844-1363
Fax (303) 312-1350

*[signature]*

WILLIAM W. MERCER
United States Attorney
District of Montana
2929 Third Avenue
Billings, MT 59102